**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**WILLIAM B. CHASE**                                                                                       **PETITIONER**
Reg #18520-076

VS.                                   CASE NO.: 2:15CV00013 BSM/BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                                **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Background**

Petitioner William B. Chase is currently serving a 180-month sentence at the Federal Correctional Complex, Forrest City, Arkansas.  He was convicted of being a felon in possession of a firearm in the United States District Court for the Western District of Tennessee.  Mr. Chase challenges the manner in which the Bureau of Prisons ("BOP")

has calculated his sentence. (Docket entry #1) Specifically, he argues he is entitled to credit for time he was in custody from June 11, 2002, to July 7, 2003. (#1 at p. 8) Respondent, Warden C.V. Rivera, contends the BOP has calculated Mr. Chase's sentence correctly under 18 U.S.C. §3585. (#9)

On January 29, 2002, Mr. Chase was arrested by Shelby County, Tennessee officials on charges of aggravated burglary. (#9-1 at pp. 1, 7, 9) Mr. Chase remained in state custody on the charges until July 8, 2003, when he was released on bond and turned over to federal custody on a federal detainer. (#9-1 at pp. 7, 9)

On August 28, 2003, the United States District Court for the Western District of Tennessee sentenced Mr. Chase to a one-hundred-eighty month term of imprisonment and three years of supervised release. (#9-1 at pp. 12-15, 17) Mr. Chase began serving his sentence the same day. (#9-1 at p. 17) The BOP gave Mr. Chase jail credit from July 9, 2003, the day after he was released to federal custody, through August 27, 2003, the day before he was sentenced. (#9-1 at pp. 2, 9-10, 17)

On September 23, 2003, the criminal court in Shelby County, Tennessee, sentenced Mr. Chase to a 6-year term and a 10-year term of imprisonment in two separate cases. (#9-1 at pp. 2, 20-25) The state awarded Mr. Chase credit for time served from January 29, 2002, the date of his Shelby County arrest, through July 8, 2003, the date he was released on bond to the federal detainer. (#9-1 at pp. 2, 21-22)

For the reasons set forth below, the BOP has properly calculated Mr. Chase's term of imprisonment.

## III.     Discussion

The Attorney General, through the BOP, has responsibility for computing federal sentences and determining the commencement of sentences, under 18 U.S.C. § 3585. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)).  The Court reviews the BOP's decision for abuse of the agency's "substantial discretion under 18 U.S.C. § 3621." *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

The federal sentence at issue was imposed August 28, 2003.  Under 18 U.S.C. §3585(b), Mr. Chase is entitled to credit toward the service of his sentence for any time he spent in "official detention" prior to the date the sentence commenced that was either "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that *has not been credited against another sentence*."  18 U.S.C. §3585(b)(emphasis added).

Mr. Chase maintains that the BOP must grant him credit for the time he spent in custody from June 11, 2002, to July 7, 2003.  (#1 at p. 8)   The evidence in the record establishes, however, that Mr. Chase was awarded credit for this time he was in custody toward his state sentences.  The criminal court in Shelby County, Tennessee, awarded Mr.

Chase credit for time served from January 29, 2002, the date of his Shelby County arrest, through July 8, 2003, the date he was released on bond to the federal detainer. (#9-1 at pp. 2, 21-22)

Mr. Chase is not entitled to credit on his federal sentence for the time he spent in state custody that was credited toward his state sentence. See 18 U.S.C. § 3585(b)(2) ("[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention . . . that has not been credited against another sentence"); and *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 1356 (1992) ([By enacting § 3585(b)], "Congress made clear that a defendant could not receive a double credit for his detention time").  The BOP does not have discretion to ignore the express bar on double credit found in 18 U.S.C. § 3585(b). *Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013).

To the extent Mr. Chase urges that he is entitled to *nunc pro tunc* designation under 18 U.S.C. § 3621(b) because the Tennessee state court sentencing judge agreed that his state sentence should run concurrent with his federal sentence, this argument also fails.  It is "well-settled that the state court's intent [regarding concurrent or consecutive sentences] is not binding [on the federal courts or the BOP]." *Elwell*, 716 F.3d at 482 (quoting *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007)).

Based on the evidence in the record, the BOP did not err in denying Mr. Chase's request for additional custody credit for time served from June 11, 2002, to July 7, 2003,

because, during this time in custody, Mr. Chase received credit towards his state sentences. Mr. Chase is not entitled to any more custody credit than the BOP has already awarded.

## IV. Conclusion

BOP officials have correctly calculated Mr. Chase's sentence. Accordingly, William B. Chase's petition for a federal writ of habeas corpus (#1) should be denied, and the case should be dismissed, with prejudice.

DATED this 6th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE